IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA LARA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 21-cv-3917 ) |
| EL MILAGRO, INC. and MANUELA LOYOLA, individually, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Maria Lara, by her attorneys, the Garfinkel Group, LLC, complains against Defendants El Milagro, Inc. ("El Milagro"), and Manuela Loyola, individually ("Loyola") (collectively "Defendants") for (1) failing to pay all compensable hours worked in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the Chicago Minimum Wage Ordinance, Chicago, Ill. Municipal Code, § 1-24 *et seq.* ("Chicago Ordinance") and the Cook County Minimum Wage Ordinance, Cook County, Ill. Municipal Code, § 42-11 *et seq.* ("Cook County Ordinance"); (2) failing to pay the minimum wage for all hours worked, in violation of the FLSA, IMWL, Chicago Ordinance and Cook County Ordinance; and (3) failing to pay all agreed and earned wages, in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("Wage Act"); and states:

**INTRODUCTION**

1. Lara was employed by Loyola between approximately mid-February 2017 and May 30, 2019.

2. Lara was employed by Loyola as a live-in housekeeper.

3. In approximately June 2017, Loyola began taking Lara to work for her at El Milagro Restaurant located at 1927 S. Blue Island Ave., Chicago, IL 60608.

1

4. Throughout the entirety of Lara's time employed by Defendants, she earned less than the legal minimum wage, was never paid time-and-one-half her hourly rate for hours worked over forty (40), and was repeatedly not paid earned and agreed compensation.

## PARTIES

5. Lara is a former employee of El Milagro and Loyola, and is a resident of Chicago, Illinois, in Cook County, within this judicial district.

6. El Milagro is an Illinois-based-for-profit corporation, which, in relevant part, owns and operates at least one restaurant, and is located at 1927 S. Blue Island Avenue.

7. Upon information and belief Loyola is an owner of El Milagro.

8. Loyola is a former president of El Milagro.

9. Loyola is a resident of Chicago, Illinois, in Cook County, within this judicial district.

10. Lara provided cleaning services solely for Defendants' benefit, and regularly worked more than forty hours (40) in individual workweeks for Defendants jointly.

11. The FLSA recognizes scenarios in which multiple parties may jointly employee workers. See 84 C.F.R. §14059.

12. Pursuant to FLSA regulations, a joint employer scenario occurs where "one employer employs a worker for one set of hours in a workweek, and another employer employs the same worker for a separate set of hours in the same workweek." 29 C.F.R. § 791.2(e)(1).

13. If the employers are joint employers of the worker, all of the worker's hours worked for the employers are aggregated for the workweek, and "both employers are jointly and severally liable for all of the hours the employee worked for them in the workweek. Id.

14. Accordingly, Lara's arrangement with Loyola, individually, and El Milagro constitutes a joint employment relationship as understood under the FLSA. 29 C.F.R. § 791 (e), (f).

15. At all times relevant herein, Lara was Defendants' employee, and Defendants were Lara's employers, as defined by the FLSA, IMWL, Chicago Ordinance, and Cook County Ordinance. 29 U.S.C. § 203(d); 820 Ill. Comp. Stat. § 105/3; Chicago, Ill. Municipal Code, § 1-24-010; Cook County, Ill. Municipal Code, § 42/12.

16. At all relevant times herein, Lara was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, the IMWL, 820 ILCS 105/1 *et seq.*, and the Chicago Ordinance, Chicago, Ill. Municipal Code, § 1-24 *et seq*, and the Cook County Ordinance, Cook County, Ill. Municipal Code, § 42/15.

17. At all times relevant herein, Lara performed her job satisfactorily and to the reasonable business expectations of her employers, the Defendants.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. §216(b) (FLSA jurisdiction); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

19. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally), and 29 U.S.C. § 216(b) (FLSA).

## FACTS

20. In mid-February 2017, Lara responded to an ad Loyola had in a local newspaper for a housekeeper.

21. Loyola offered Lara a position working as a live-in housekeeper making $500 per week.

22.

23. Loyola told Lara she would be responsible for cleaning the house, doing laundry, and ironing.

3

24. Based on the terms of Loyola's offer, Lara accepted the housekeeping position.

25. In mid-February Lara moved into Loyola's residence located at 2327 W. 23rd PL, Chicago, IL 60608.

26. In mid-February 2017, Lara began working as a housekeeper for Defendants jointly.

27. Loyola was Lara's direct supervisor and controlled all aspects of Lara's work related to Lara's employment with Loyola, individually, and with El Milagro.

28. Loyola later added helping care for her dogs and occasional cooking to Lara's duties.

29. Loyola was in Ecuador for the entire month of April 2017. Upon her return, Loyola advised Lara that she would not be paid any wages for that month's work, despite having worked the entire month of April cooking and cleaning for Loyola's live-in relative and watching Loyola's dogs.

30. Loyola was not paid any wages for approximately 224 hours of work she performed in April 2017.

31. In approximately May 2017, Loyola announced that she would no longer pay Lara $500 a week, and slashed her wages to $300 per week, despite Lara continuing to perform the same work.

32. Loyola had a building located at 24th & Oakley, which she used to store items used at El Milagro and to conduct El Milagro business meetings.

33. In mid-May 2017, Loyola began instructing Lara to perform work in various ways for El Milagro.

34. Specifically, in approximately May 2017, Loyola ordered Lara to clean the building located at 24th & Oakley, which Loyola owned and used for business related to El Milagro.

35. Lara cleaned the building two to three times per week or as ordered by Loyola.

36. At the building, Lara was required to sweep, mop, clean the windows, set up for meetings, when necessary, clean and prepare guest rooms as needed, and organize materials in basement warehouse.

37. In approximately June 2017, Loyola expanded on the work she required Lara to perform for El Milagro.

38. In approximately June 2017, Loyola began taking Lara to work at her El Milagro's Restaurant.

39. At El Milagro's Restaurant, Loyola required Lara perform food preparation, clean the restaurant, and serve customers.

40. Lara worked at El Milagro's Restaurant between one and three times per month.

41. On one or two occasions, Lara received approximately $240 for the work performed at El Milagro's Restaurant. This amount was in addition to the pay she received from Loyola for work performed at Loyola's residence.

42. In May 2018, Loyola offered Lara's cleaning services to her friend "Vicky."

43. Loyola required Lara to clean Vicky's home on two occasions.

44. When Lara requested pay for her services, she was informed that the work performed was part of her duties for Loyola, and she would not be paid any additional money for the work performed.

45. Loyola had an apartment above El Milagro Restaurant.

46. On one or two occasions, Loyola required Lara clean the apartment.

47. Lara was not paid additional wages for the six to seven hours each day that she spent cleaning the apartment located above El Milagro Restaurant.

48. Lara was required to perform work at the building located at 24th & Oakley, El Milagro Restaurant and the apartment above El Milagro Restaurant in addition to her normal daily duties performed at Loyola's residence.

49. In approximately January 2019 Lara began receiving $400 a week.

50. Lara regularly worked more than forty hours in individual workweeks without ever being paid the minimum wage for her first forty weekly hours, or time-and-a-half for her hours worked over forty each week.

51. Lara worked 7 days per week, twelve to sixteen hours per day, meaning she worked between 84 and 112 hours per week.

52. For example, despite having worked all day, if Lara went to bed at 10:30 pm and Loyola came home at 12:00am, Lara was required to get up from bed and open the garage door for Loyola. Loyola then required Lara stay up chatting with her until she was ready to go to go to bed.

53. Lara fulfilled the obligations and completed the work that she agreed to undertake for Defendants.

54. Throughout the duration of Lara's employment with Defendants, Lara resided at Loyola's personal residence.

55. At all times herein, Lara was subject to Loyola's control and dominion while she lived at Loyola's personal residence.

## COUNT I
## AGAINST EL MILAGRO AND LOYOLA
## FLSA – MINIMUM WAGE

56. Paragraphs 1 – 55 are incorporated by reference.

57. Pursuant to the FLSA, an action to recover unpaid wages may be maintained in any federal or state court of competent jurisdiction. 29 U.S.C. § 216(b).

58. The FLSA requires an employer to pay its covered, non-exempt employees the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

59. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro and Loyola's employee, within the meaning of the FLSA, 29 U.S.C. § 203(d), (e).

60. As an owner and officer of El Milagro, Loyola possessed the following authority as it relates to El Milagro:

   a. The power to hire and fire employees;

   b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

   c. Determining employees' methods and rates of pay;

   d. Maintenance of employees' records.

61. El Milagro, by its management or agents, and Loyola, individually, violated the FLSA by failing to pay Lara the minimum wage for all hours that she worked, which resulted in her receiving less than the legal minimum wage for her hours worked for a pay period.

62. Defendants' violation of the FLSA was willful.

63. As a direct result of Defendants' violation of the FLSA, Lara suffered the loss of compensation in the form of receiving less than the federal minimum wage.

**COUNT II**
**AGAINST EL MILAGRO AND LOYOLA**
**FLSA- OVERTIME PAY**

64. Paragraphs 1 – 55 are incorporated by reference.

65. Pursuant to the FLSA, an action to recover overtime pay may be maintained in any federal or state court of competent jurisdiction. 29 U.S.C. § 216(b).

66. The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times their regularly hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

67. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro and Loyola's employee, within the meaning of the FLSA, 29 U.S.C. § 203(d), (e).

68. As El Milagro's owner and officer, Loyola possessed the following authority as it relates to El Milagro:

   a. The power to hire and fire employees;

   b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

   c. Determining employees' methods and rates of pay;

   d. Maintenance of employees' records.

69. El Milagro, by its management or agents, and Loyola, individually, violated the FLSA by failing to pay Lara any overtime wages for her hours worked over forty, which resulted in her receiving less than the legal overtime rate for her overtime hours.

70. Defendants' violation of the FLSA was willful.

71. As a direct result of Defendants' violation of the FLSA, Lara suffered the loss of compensation in the form of overtime pay.

**COUNT III**
**AGAINST EL MILAGRO AND LOYOLA**
**IMWL – MINIMUM WAGE**

72. Paragraphs 1 – 55 are incorporated by reference.

73. The IMWL requires an employer to pay all non-exempt employees minimum wage. 820 ILCS 105/4(a).

74. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro and Loyola's employee, within the meaning of the IMWL. 820 ILCS 105/3(c), (d).

75. El Milagro by its management or agents, and Loyola, individually, violated the IMWL by requiring Lara to work unrecorded and unpaid work hours, resulting in her receiving less than the legal minimum wage as defined by the IMWL for all hours worked between February 2017 and Lara's termination on May 30, 2019.

76. Defendants' violation of the IMWL was willful.

77. As a direct result of Defendants' violation of the IMWL, Lara suffered the loss of compensation in the form of earning less than the minimum wage.

## COUNT IV
## AGAINST EL MILAGRO AND LOYOLA
## IMWL – OVERTIME PAY

78. Paragraphs 1 – 55 are incorporated by reference.

79. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times their regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

80. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro's and Loyola's employee, within the meaning of the IMWL. 820 ILCS 105/3(c), (d).

81. El Milagro, by its management or agents, and Loyola, individually, violated the IMWL by failing to pay time-and-a-half for all hours worked over forty, which resulted in Lara receiving less than the legal overtime rate for hours worked over forty until May 30, 2019.

82. Defendants' violation of the IMWL was willful.

83. As a direct result of Defendants' violation of the IMWL, Lara suffered the loss of compensation in the form of unpaid overtime wages.

## COUNT V
## AGAINST EL MILAGRO AND LOYOLA

9

**CHICAGO ORDINANCE – MINIMUM WAGE**

84. Paragraphs 1 – 55 are incorporated by reference.

85. The Chicago Ordinance requires that covered employers must pay their employees the greater of the minimum hourly wages set by the IMWL or Chicago Ordinance. Chicago, Ill. Municipal Code, § 1-24-020.

86. El Milagro and Loyola were Lara's employer, and Lara was El Milagro and Loyola's employee, within the meaning of the Chicago Ordinance. Chicago, Ill. Municipal Code, § 1-24-010.

87. El Milagro, by its management or agents and Loyola, individually, violated the Chicago Ordinance by requiring Lara to work unrecorded and unpaid work hours, resulting in her receiving less than the legal minimum wage as defined by the Chicago Ordinance for all hours worked between February 2017 and Lara's termination on May 30, 2019.

88. Defendants' violation of the Chicago Ordinance was willful.

89. As a direct result of Defendants' violation of the Chicago Ordinance, Lara suffered the loss of compensation in the form of earning less than minimum wage.

**COUNT VI**
**AGAINST EL MILAGRO AND LOYOLA**
**CHICAGO ORDINANCE – OVERTIME PAY**

90. Paragraphs 1 – 55 are incorporated by reference.

91. The Chicago Ordinance requires employers to pay their covered, non-exempt employee one-and-one-half times their regular hourly rate for each hour worked in excess of 40 in a workweek in the same manner as required under the IMWL. Chicago, Ill. Municipal Code, § 1-24-040; 820 Ill. Comp. Stat. 105/3(c), (d).

92. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro and Loyola's employee, within the meaning of the Chicago Ordinance. Chicago, Ill. Municipal Code, § 1-24-010.

93. Defendants violated the Chicago Ordinance by failing to pay Lara one-and-one-half times the Chicago minimum wage as defined by the Chicago Ordinance for all hours worked, which resulted in her receiving less than the legal overtime rate for her overtime hours worked.

94. Defendants' violation of the Chicago Ordinance was willful.

95. As a direct result of Defendants' violation of the Chicago Ordinance, Lara suffered the loss of compensation in the form of unpaid overtime wages.

## COUNT VII
### AGAINST EL MILAGRO AND LOYOLA
### COOK COUNTY ORDINANCE – MINIMUM WAGE

96. Paragraphs 1 – 55 are incorporated by reference.

97. The Cook County Ordinance requires that covered employers must pay their employees the greater of the minimum hourly wage set by the IMWL, FLSA or $13.00 per hour. Cook County, Ill. Municipal Code, § 42-13 (d).

98. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro and Loyola's employee, within the meaning of the Cook County Ordinance. Cook County, Ill. Municipal Code, § 42-12.

99. El Milagro, by its management or agents and Loyola, individually, violated the Cook County Ordinance by requiring Lara to work unrecorded and unpaid work hours, resulting in her receiving less than the legal minimum wage as defined by the Cook County Ordinance for all hours worked between February 2017 and Lara's termination on May 30, 2019.

100. Defendants' violation of the Cook County Ordinance was willful.

101. As a direct result of Defendants' violation of the Cook County Ordinance, Lara suffered the loss of compensation in the form of earning less than minimum wage.

## COUNT VIII
### AGAINST EL MILAGRO AND LOYOLA
### COOK COUNTY ORDINANCE – OVERTIME PAY

102. Paragraphs 1 – 55 are incorporated by reference.

103. The Cook County Ordinance requires employers to pay their covered, non-exempt employee one-and-one-half times their regular hourly rate for each hour worked in excess of 40 in a workweek. Cook County, Ill. Municipal Code, § 42-15.

104. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro and Loyola's employee, within the meaning of the Cook County Ordinance. Cook County, Ill. Municipal Code, § 42-12.

105. Defendants' violated the Cook County Ordinance by failing to pay Lara one-and-one-half times the Cook County minimum wage as defined by the Cook County Ordinance for all hours worked, which resulted in her receiving less than the legal overtime rate for her overtime hours worked.

106. Defendants' violation of the Cook County Ordinance was willful.

107. As a direct result of Defendants' violation of the Cook County Ordinance, Lara suffered the loss of compensation in the form of unpaid overtime wages.

## COUNT IX
## AGAINST EL MILAGRO AND LOYOLA
## WAGE ACT VIOLATION

108. Paragraphs 1 – 55 are incorporated by reference.

109. The Wage Act requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation, including "any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2.

110. El Milagro and Loyola were Lara's employer, jointly, and Lara was El Milagro and Loyola's employee, as defined under the Wage Act. 820 ILCS 115/2.

111. Loyola promised Lara $500 per week for performing the live-in housekeeping position.

112. Lara performed the work pursuant to her agreements with Defendants.

113. Defendant failed to pay Lara for all hours worked.

114. At no point did Defendants pay Lara any wages for the work performed in April 2017.

115. By refusing to pay Lara for her earned wages, Defendants breached their agreements with her and denied her final compensation to which she was lawfully entitled.

116. Defendants' failure to pay Lara her agreed rates of pay violates the Wage Act. 820 ILCS 115/2

117. Defendants' violations of the Wage Act were willful.

118. As a direct result of Defendants' violation of the Wage Act, Lara has suffered damages in the form of lost earned compensation.

WHEREFORE, Plaintiff Maria Lara, respectfully requests that this Court enter judgment in her favor against Defendants El Milagro, Inc., and Manuela Loyola, awarding her:

A. Damages in the form of unpaid minimum wages and overtime pay under the FLSA;

B. Liquidated damages in the amount of double her actual damages under the FLSA for unpaid minimum wage and overtime pay violations;

C. Damages in the form of unpaid minimum wages and overtime pay for IMWL minimum wage and overtime pay violations;

D. Statutory damages for minimum wage and overtime pay violations, pursuant to the 5% interest penalties and treble damages, as is mandatory under the IMWL (820 Ill. Comp. Stat. 105/12(a));

E. Damages in the form of unpaid minimum wages and overtime pay pursuant to the Chicago Ordinance;

F. Statutory treble damages for unpaid minimum wage and overtime pay violations, pursuant to the Chicago Ordinance, Ill. Municipal Code, § 1-24-110;

G. Damages in the form of unpaid minimum wages and overtime pay pursuant to the Cook County Ordinance;

H. Statutory treble damages for unpaid minimum wages and overtime pay violations, pursuant to the Cook County Ordinance. Cook County, Ill. Municipal Code, § 42-23.

I. The amount of her earned and unpaid wages in accordance with the Wage Act;

J. Statutory damages of 2% monthly interest in accordance with the Wage Act, and for 5% interest on the same violations beginning as of July 9, 2021. 820 Ill. Comp. Stat. 115/14.

K. Her reasonable attorneys' fees;

L. The costs of this action; and

M. Any other relief deemed just and reasonable by this Court.

Dated: July 23, 2021


The Garfinkel Group, LLC  
6252 N. Lincoln Avenue  
Suite 200  
Chicago, IL 60622  
Max Barack (IARDC No. 6312302)  
max@garfinkelgroup.com  
Haskell Garfinkel (IARDC No. 6274971)  
haskell@garfinkelgroup.com  
(312) 736-7991  

Respectfully submitted,


*/s/ Max Barack*  
One of the Plaintiff's Attorneys